**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS R. SOTO GALARZA,** **Petitioner,** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3169** |
| **PUERTO RICO STATE PAROLE, *et al.*,** **Respondents.** | : | |

**ORDER**

**AND NOW**, this 17th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus filed by Petitioner Carlos Soto Galarza (ECF No. 1), the Report and Recommendation of United States Magistrate Judge Scott W. Reid (ECF No. 9), and the Court noting that no objections were filed by Petitioner, **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Scott W. Reid (ECF No. 9) is **APPROVED** and **ADOPTED**;[1]

---

[1] In April 2026, Petitioner's vehicle was stopped for a non-functioning passenger-side headlight. A warrant check revealed an outstanding warranted issued by the Commonwealth of Puerto Rico for a probation violation stemming from Petitioner's aggravated-assault conviction.

On April 8, 2026, Petitioner appeared before the Court of Common Pleas of Lancaster County and, with the assistance of an interpreter, waived his rights under the extradition procedure and agreed to return to Puerto Rico. He was remanded to Lancaster County Prison pending transfer.

In May 2026, Petitioner filed the present Petition under 28 U.S.C. § 2241 challenging his custody in Lancaster County Prison, asserting that he completed his Puerto Rico probation decades ago. On May 13, 2026, however, Petitioner was released from Lancaster County custody and transferred to agents of the Commonwealth of Puerto Rico.

At the time Petitioner filed his Petition, his district of confinement was within the Eastern District of Pennsylvania. That is no longer the case. Petitioner is now confined within the United States District of Puerto Rico. Accordingly, this Court no longer has jurisdiction to adjudicate his Petition. And even if jurisdiction could be retained based on Lancaster County's temporary detention of Petitioner pending extradition, the Petition is now moot because that detention has

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DIMISSED WITHOUT PREJUDICE**;

3. There is no basis for the issuance of a certificate of appealability;[2]

4. Respondent District Attorney of Lancaster's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8) is **GRANTED**;

5. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

ended. For these reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** to Petitioner's new filing in the district where he is currently confined.

[2] Courts should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits… [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Here, Petitioner has failed to meet his burden to show that a certificate of appealability should issue in this case.